UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GARY STOCKING,
    Plaintiff,

v.                                                             CASE NO. 3:14-cv-1970(MPS)

JAMES DZURENDA, ET AL.,
    Defendants.

## RULING ON PENDING MOTIONS

The plaintiff, Gary W. Stocking, is currently incarcerated at Osborn Correctional Institution in Somers, Connecticut ("Osborn"). The plaintiff commenced this action by filing a Complaint *pro se* under 42 U.S.C. § 1983 against Department of Correction Commissioners Dzurenda and Semple. The court has granted the plaintiff leave to file an amended complaint on or before June 29, 2015. Pending before the court are the plaintiff's motions seeking injunctive relief.

**I.     First Motion for Injunctive Relief [Doc. No. 5]**

The plaintiff claims that in late December 2014, prison officials at Cheshire Correctional Institution ("Cheshire") moved him from a level three housing unit to a high level security housing unit. The plaintiff complains that his cellmate is a level four inmate who makes excessive noise, plays his television until the early morning hours, and screams to his friends in the housing unit. The plaintiff claims that these conditions threaten his mental and physical health and seeks a court order directing the Commissioner to transfer him to a housing block with other level three inmates.

The Second Circuit has held that an inmate's requests for injunctive and declaratory relief

against correctional staff or conditions of confinement at a particular correctional institution become moot when the inmate is discharged or transferred to a different correctional institution. *See Colman v. Goord*, 2 F. App'x 170 (2d Cir. 2001) (dismissing as moot appeal of a denial of injunctive relief where prisoner was transferred while appeal was pending); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed"). The plaintiff is no longer confined at Cheshire. He is now incarcerated at Osborn. Thus, the Court lacks jurisdiction to afford the relief sought by the plaintiff relating to conditions at Cheshire. Accordingly, the first motion for injunctive relief is denied.

## II.     Second Motion for Injunctive Relief [Doc. No. 6]

The plaintiff states that he requires four hours a week at a prison library to conduct legal research and to make legal copies. In addition, he seeks access to a notary once a week. The plaintiff claims to also need paper and a pen to draft legal documents and postage and envelopes to mail his legal documents to the court.

At the time the plaintiff filed this motion, he was confined at Cheshire. As indicated above, he is now incarcerated at Osborn. Thus, his requests with regard to conditions at Cheshire are moot.

The plaintiff further requests that prison officials provide him with access to a law library or to the Inmates' Legal Assistance Program if he is transferred to another facility. His requests—made while he was confined at Cheshire—regarding conditions or access to courts related to his confinement at another Department of Corrections facility to which he might be transferred are speculative. Because the plaintiff has not alleged facts showing that he will suffer imminent harm if his requests for injunctive relief are not granted, the second motion for

injunctive relief is denied.

## Conclusion

The First and Second Motions for Injunctive Relief [**Docs. Nos. 5, 6**] are **DENIED**.

SO ORDERED at Hartford, Connecticut this 30th day of June, 2015.

    /s/
MICHAEL P. SHEA
UNITED STATES DISTRICT JUDGE